**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ANTON PARRISH and
JEFFERY MARK SMITH,

Plaintiffs,

v. NO. ______________

ECONOMY PREMIER ASSURANCE COMPANY, and
GREAT NORTHWEST INSURANCE COMPANY,

Defendants.

---

**NOTICE OF REMOVAL**

---

**COMES NOW**, Defendant ECONOMY PREMIER ASSURANCE COMPANY (hereinafter "Economy"), by and through its counsel of record, STIFF, KEITH & GARCIA, LLC (Ann L. Keith, Esq.), and files this *Notice of Removal* of this civil action to the United States District Court for the District of New Mexico, and sets forth the following grounds for removal:

1. This lawsuit is a civil action filed in the Eleventh Judicial District Court, County of San Juan, State of New Mexico on or about April 17, 2018, and is entitled "*Anton Parrish and Jeffery Mark Smith, Plaintiffs, v. Economy Premier Assurance Company and Great Northwest Insurance Co., Defendants*", bearing Cause No. D-1116-CV-2018-00499.
2. Economy was served with a copy of the summons and *Plaintiff's First Amended Complaint* on April 26, 2018. **Exhibit A,** *Plaintiffs' First Amended Complaint*. Economy is removing this matter within thirty (30) days of service of *Plaintiff's First Amended Complaint* in the

State Court action. Therefore, this Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b).

3. This Court has jurisdiction of this action, pursuant to 28 U.S.C. § 1332, because there is a diversity of citizenship of the parties.  Plaintiffs are residents of San Juan County, New Mexico. See **Exhibit A**, ¶ 1-2.

4. Economy is a corporation that is incorporated in the State of Rhode Island and its principal place of business is in the State of Illinois.

5. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, pursuant to 28 U.S.C. § 1332(a).

6. Pursuant to 28 U.S.C. § 1446(c)(2), the notice of removal "may assert the amount in controversy if the initial pleading seeks a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded", and the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. See *Varela v. Wal-Mart Stores, East, Inc.*, 86 F.Supp.2d 1109, 1111 (D.N.M. 2000) (When the amount in controversy, as here, is not apparent on the face of the complaint, the amount can be ascertained by considering (1) the plaintiff's cause of action as alleged in the complaint, (2) the notice of removal defendant filed with the federal court, and (3) any other relevant materials in the record.).

7. Consistent with the Rules of Civil Procedure for the State of New Mexico, *Plaintiffs' First Amended Complaint* does not reference the specific amount of damages sought. See Rule 1-008 (A)(3) NMRA.

8. *Plaintiffs' First Amended Complaint* alleges the following: On April 27, 2010, Plaintiffs were driver and passenger in a vehicle driving on U.S. Highway 64 in San Juan County, New Mexico. **Exhibit A**, ¶¶ 7-8. Said vehicle was rear-ended by a vehicle driven by Amanda Collom. *Id.*, ¶ 10. Plaintiffs suffered injuries as a result of the motor vehicle accident. *Id.*, ¶¶ 17-18. Ms. Collom was an underinsured motorist at the time of incident, pursuant to NMSA 1978, § 66-5-301(B). *Id.*, ¶ 23. Economy provided Plaintiffs access to uninsured/underinsured motorist coverage, pursuant to policies owned by its insured, Plaintiff Smith. *Id.*, ¶¶ 25-33. *Plaintiffs' First Amended Complaint* suggests that final settlement offers made by Economy, which were below applicable policy limits of $500,000 for Plaintiff Smith and $100,000 for Plaintiff Parrish, were "inadequate to compensate [Plaintiffs] for [their] injuries and damages caused by the collision." *Id.*, ¶¶ 32-33, 37-38. Plaintiffs Parrish and Smith each recently submitted a settlement demand, dated May 21, 2018 and May 23, 2018 respectively, wherein the sum or value of each respective settlement demand was greater than $75,000.

9. Venue is proper in this Court, pursuant to 28 U.S.C. § 1441(b), because the State Court action is pending in New Mexico and the event giving rise to the State Court action occurred in New Mexico.

10. Economy, as required by 28 U.S.C. § 1446(d), will promptly file a copy of this notice of removal with the clerk of the State District Court where the action is pending, and give written notice to Plaintiff.

11. Attached hereto are copies of all pleadings filed in the Eleventh Judicial District Court bearing Cause No. D-1116-CV-2018-00499. See **Exhibit B**.

12. Defendant will submit a certified copy of the State Court record within 28 days of filing this Notice of Removal, pursuant to D.N.M. LR-CIV 81.1(a).

13. A Civil Cover Sheet for this matter is attached hereto as **Exhibit C**.

14. This Notice of Removal is signed pursuant to Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant ECONOMY PREMIER ASSURANCE COMPANY, respectfully requests that the state court action, now pending in the Eleventh Judicial District Court, County of San Juan, State of New Mexico, bearing Cause No. D-1116-CV-2018-00499, be removed to this Court, and asks that this Court make and enter such further Orders as may be necessary and proper.

Respectfully submitted,

**STIFF, KEITH & GARCIA, LLC**

*/s/ Ann L. Keith*

Ann L. Keith, Esq.
Michael B. Calderon, Esq.
400 Gold Ave. SW, Suite 1300
Albuquerque, NM 87102
Phone: (505) 243-5755
Email: akeith@stifflaw.com
*Attorney for Economy Premier Assurance Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 25th day of May 2018, a copy of the foregoing was electronically filed through the Court's electronic filing system (CM/ECF), which caused the following parties or counsel of record to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

Guebert Bruckner Gentile P.C.
Don Bruckner, Esq.
Alexander J. Ospino, Esq.
PO Box 93880
Albuquerque, NM 87199-3880
Phone: (505) 823-2300
Email: donbruckner@guebertlaw.com
aospino@guerbertlaw.com
*Attorneys for Plaintiffs*

*/s/ Ann L. Keith*
Ann L. Keith, Esq.

# EXHIBIT A

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/17/2018 12:19 PM
WELDON J. NEFF
Susan Bengston

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

       D-1116-CV-2018-00499

ANTON PARRISH and
JEFFERY MARK SMITH,

       Plaintiffs,

v.

ECONOMY PREMIER ASSURANCE COMPANY, and
GREAT NORTHWEST INSURANCE CO.,

       Defendants.

## FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT ON UNINSURED/UNDERINSURED MOTORIST COVERAGE, FOR DECLARATORY JUDGMENT AND TO COMPEL ARBITRATION

COME NOW Plaintiffs, Anton Parrish and Jeffery Mark Smith, by and through their attorneys, Guebert Bruckner Gentile P.C. (Don Bruckner and Alexander J. Ospino), and in support of their Complaint for Personal Injuries, Breach of Contract, and Declaratory Judgment, state as follows.

1.      Plaintiff Anton Parrish ("Mr. Parrish") is a resident of San Juan County, New Mexico.

2.      Plaintiff Jeffery Mark Smith ("Mr. Smith") is a resident of San Juan County, New Mexico.

3.      Defendant Economy Premier Assurance Company ("Economy") is a foreign insurance company doing business in the State of New Mexico.

4.      Defendant Great Northwest Insurance Co. ("Great Northwest") is a foreign insurance company doing business in the state of New Mexico.

5.     This Court has personal jurisdiction over Defendants in this matter.

6.     Venue is proper under NMSA 1987, § 38-3-1(A).

**Collision**

7.     On April 27, 2010, at approximately 4:29 p.m., Mr.  Smith was driving his 1994 Toyota Corolla with Mr. Parrish in the front passenger seat.

8.     Mr.  Smith was driving eastbound on US Highway 64 near Kirtland in San Juan County, New Mexico.

9.     Mr. Smith stopped his vehicle near the junction of US Highway 64 with County Road 6575 because of road-side construction.

10.     As Mr.  Smith came to a stop, he was rear-ended by a 1998 Dodge Caravan driven by Amanda Collom ("Ms. Collom").

11.     Ms. Collom was driving her vehicle at 55 to 60 miles per hour.

12.     The collision forced Mr. Smith's vehicle into the vehicle ahead of him.

13.     Both Mr. Smith and Mr. Parrish lost consciousness due to the force of impact. Neither Mr. Smith nor Mr. Parrish regained consciousness until after emergency medical service arrived at the scene.

14.     Due to the impact to both the front and back of Mr. Smith's Toyota, none of the doors could be operated to extricate Plaintiffs from the vehicle.

15.     Emergency medical services were required to cut the roof off the Toyota in order to reach Plaintiffs.

16.     Both Plaintiffs were transported to the hospital on spinal boards with serious injuries.

17.     Mr. Parrish suffered a concussion, multiple rib fractures, left shoulder sprain, thoracic and lumbar spinal strains, and an abrasion to his face.

18.     Mr. Smith suffered spinal disc herniations, multiple rib fractures, several contusions and soft tissue injuries, right shoulder sprain, and a forehead laceration require sutures.

19.     Also injured in the accident was a minor child who was an unrestrained passenger in the Collom vehicle.

20.     Ms. Collom, the tortfeasor, had minimum liability insurance coverage under New Mexico law for bodily injury of $25,000 per person and $50,000 per occurrence.

21.     Half of Ms. Collom's insurance coverage was used to resolve the claim of the minor in the Collom vehicle.

22.     Plaintiffs each received $12,500 from Ms. Collom's liability insurance coverage, with each receiving half of the remaining liability limits available under that policy.

23.     Ms. Collom was an underinsured motorist at the time of the incident that is the subject matter of this litigation as defined under NMSA 1978, § 66-5-301(B).

24.     Defendants consented to the $12,500 settlement of each of Plaintiffs' claims against Ms. Collom.

**Economy Insurance**

25.     At the time of the incident that is the subject matter of this litigation, Economy provided uninsured/underinsured motorist coverage for multiple vehicles to its named insured, Jeffery Mark Smith.

26.     The Economy policies were entered into in the State of New Mexico.

27. Under its policies, Economy provided uninsured/underinsured motorist coverage for Jeffery Mark Smith's 1994 Toyota Corolla in the amount of $100,000 per person, and $300,000 per accident.

28. Under its policies, Economy also provided uninsured/underinsured motorist coverage for Jeffery Mark Smith's 1990 Subaru Loyale in the amount of $100,000 per person, and $300,000 per accident.

29. Under its policies, Economy also provided uninsured/underinsured motorist coverage for Jeffery Mark Smith's 1997 Toyota Corolla in the amount of $100,000 per person, and $300,000 per accident.

30. Under its policies, Economy also provided uninsured/underinsured motorist coverage for Jeffery Mark Smith's 2007 Toyota Tacoma in the amount of $100,000 per person, and $300,000 per accident.

31. Under its policies, Economy also provided uninsured/underinsured motorist coverage for Jeffery Mark Smith's 2010 Subaru Outback in the amount of $100,000 per person, and $300,000 per accident.

32. Thus, under its policies, Economy provided $500,000 per person limits in stacked coverage for bodily injury caused by an uninsured/underinsured motorist for Mr. Smith, a class I insured.

33. Under its policy on the 1994 Toyota Corolla involved in the collision, Economy provided $100,000 per person limits in coverage for bodily injury caused by an uninsured/ underinsured motorist for Mr. Parrish, a class II insured.

34. On February 28, 2012, Plaintiffs made a demand for underinsured motorist benefits to Economy under its policies.

35.     On September 5, 2012, Economy responded by letter, denying Plaintiffs' settlement demands and making inadequate settlement offers to both Plaintiffs.

36.     Subsequent to September 5, 2012, Plaintiffs and Economy had ongoing settlement negations for several years.

37.     On August 27, 2013, Economy made its last settlement offer to Mr. Parrish on his underinsured motorist claim.   That offer was below the applicable policy limits and was inadequate to compensate Mr. Parrish for his injuries and damages caused by the collision.

38.     On December 9, 2015, Economy made its last settlement offer to Mr. Smith on his underinsured motorist claim.   That offer was below the applicable policy limits and was inadequate to compensate Mr. Smith for his injuries and damages caused by the collision.

**Great Northwest Insurance**

39.     At the time of the incident that is the subject matter of this litigation, Great Northwest provided automobile insurance to Anton Parrish, under Policy No. Great Northwest30-0050000618-PV.

40.     The selection/rejection clause provided by Great Northwest to Mr. Parrish in connection with its policy was inadequate under the New Mexico Supreme Court ruling in *Jordan v. Allstate Ins. Co.*, 2010-NMSC-051 149 N.M. 162.

41.     Therefore, at the time of the incident that is the subject matter of this litigation, Great Northwest provided uninsured/underinsured motorist coverage to its named insured, Mr. Parrish, equal to his liability coverage.

42.     Under its policies, Great Northwest provided uninsured/underinsured motorist coverage for Mr. Parrish's 1980 Chevrolet K10 B in the amount of $100,000 per person, and $300,000 per accident.

43. Also, under its policies, Great Northwest provided uninsured/underinsured motorist coverage for Mr. Parrish's 1994 Toyota Pickup in the amount of $100,000 per person, and $300,000 per accident.

44. Also, under its policies, Great Northwest provided uninsured/underinsured motorist coverage for Mr. Parrish's 2002 Nissan Altima in the amount of $100,000 per person, and $300,000 per accident.

45. Also, under its policies, Great Northwest provided uninsured/underinsured motorist coverage for Mr. Parrish's 2002 Toyota Tundra in the amount of $100,000 per person, and $300,000 per accident.

46. Also, under its policies, Great Northwest provided uninsured/underinsured motorist coverage for Mr. Parrish's 2006 Nissan Sentra in the amount of $100,000 per person, and $300,000 per accident.

47. Also, under its policies, Great Northwest provided uninsured/underinsured motorist coverage for Mr. Parrish's 2008 Nissan Sentra in the amount of $100,000 per person, and $300,000 per accident.

48. Thus, under its policies, Great Northwest provided $600,000 per person limits in stacked coverage for bodily injury caused by an uninsured/underinsured motorist for Mr. Parrish, a class I insured.

49. On July 10, 2012, Mr. Parrish made a demand for underinsured motorist benefits to Great Northwest under its policies.

50. On September 7, 2012, Great Northwest denied Mr. Parrish's claim, citing a stacked uninsured/underinsured motorist insurance rejection/selection page that is not in compliance with New Mexico law.

**COUNT I: BREACH OF CONTRACT - ECONOMY**

51. Plaintiffs incorporate the preceding allegations herein by reference pursuant to Rule 1-010(C) NMRA.

52. Pursuant to its contract of insurance with Mr. Smith, Economy became obligated to pay Plaintiffs' damages.

53. Pursuant to the contract, Plaintiffs made written demand for damages due and owing, but Economy has refused to pay adequate compensation.

54. Economy's refusal to fully compensate Plaintiffs for their injuries on September 5, 2012 and subsequent dates, as required by the applicable insurance policies, was a breach of its contract with Plaintiffs

55. The actions of Economy are in direct opposition with the plain language of the insurance contracts and New Mexico law. Economy placed its own interests above that of Plaintiffs, in breach of the covenants of good faith and fair dealing.

56. Plaintiffs have been damaged, and continue to be damaged, by Economy's breach of the insurance contract.

57. Plaintiffs are entitled to an award of compensatory damages caused by the collision at issue, including personal injuries, pain and suffering, lost earnings and lost earning capacity, loss of enjoyment of activities, loss of consortium, hedonic damages, or loss of the value of life itself, as well as reasonable expenses for necessary medical care received in the past and reasonably certain to be received in the future, and nonmedical expenses required as a result of the injury and reasonably certain to be required in the future, all to their damage in an amount to be determined by the Court at trial, attorneys' fees, and costs of this action for Economy's intentional breach of the insurance contracts.

**COUNT II: BREACH OF CONTRACT – GREAT NORTHWEST**

58. Plaintiffs incorporate the preceding allegations herein by reference pursuant to Rule 1-010(C) NMRA.

59. Pursuant to its contract of insurance with Mr. Parrish, Great Northwest became obligated to pay his damages.

60. Pursuant to the contract, Mr. Parrish made written demand for damages due and owing, but Great Northwest has erroneously denied Mr. Parrish coverage.

61. Great Northwest's denial of Mr. Parrish's claim on September 7, 2012 was a breach of the insurance contract.

62. The actions of Great Northwest are in direct opposition with the plain language of the insurance contracts and New Mexico law. Great Northwest placed its own interests above that of Mr. Parrish, in breach of the covenants of good faith and fair dealing.

63. Mr. Parrish has been damaged, and continues to be damaged, by Great Northwest's breach of the insurance contract.

64. Mr. Parrish is entitled to an award of compensatory damages caused by the collision at issue, including personal injuries, pain and suffering, lost earnings and lost earning capacity, loss of enjoyment of activities, loss of consortium, hedonic damages, or loss of the value of life itself, as well as reasonable expenses for necessary medical care received in the past and reasonably certain to be received in the future, and nonmedical expenses required as a result of the injury and reasonably certain to be required in the future, all to their damage in an amount to be determined by the Court at trial, attorneys' fees, and costs of this action for Great Northwest's intentional breach of the insurance contracts.

**COUNT III: DECLARATORY JUDGMENT - ECONOMY**

65. Plaintiffs incorporate the preceding allegations herein by reference pursuant to Rule 1-010(C) NMRA.

66. Plaintiffs bring this claim for declaratory judgment pursuant to Rule 1-057, NMRA of the New Mexico Rules of Civil Procedure.

67. Plaintiffs seek a judicial determination of their coverage from Defendant Economy and respectfully move the Court for entry of an Order declaring that a) the total amount of stacked UM/UIM coverage from Economy available to Mr. Smith for the April 27, 2010 collision is $500,000; and that 2) the total amount of UM/UIM coverage from Economy available to Mr. Parrish for the April 27, 2010 collision is $100,000.

**COUNT IV: DECLARATORY JUDGMENT – GREAT NORTHWEST**

68. Plaintiffs incorporate the preceding allegations herein by reference pursuant to Rule 1-010(C) NMRA.

69. Plaintiffs bring this claim for declaratory judgment pursuant to Rule 1-057, NMRA of the New Mexico Rules of Civil Procedure.

70. Plaintiffs seek a judicial determination of their coverage from Defendant Great Northwest and respectfully move the Court for entry of an Order declaring that the total amount of stacked UM/UIM coverage from Great Northwest available to Mr. Parrish for the April 27, 2010 collision is $600,000.

**COUNT V: ARBITRATION**

71. Plaintiffs incorporate the preceding allegations herein by reference pursuant to Rule 1-010(C) NMRA.

72. Upon information and belief, the Economy and Great Northwest policies at issue contain arbitration clauses. Defendants should be compelled to arbitrate the claims of both Plaintiffs in a consolidated arbitration pursuant to the terms of the insurance policies, and NMSA 1978, § 44-7A-8 and § 44-7A-11.

73. In the event the parties are unable to agree to the appointment of an arbitrator for the consolidated arbitration, the Court should appoint an arbitrator for the consolidated arbitration pursuant to NMSA 1978, § 44-7A-12.

WHEREFORE, Plaintiffs pray for judgment against Defendants for damages as determined by the Court at trial, together with the costs of this litigation, pre-judgment and post-judgment interest and for such other relief as the Court may deem just and proper.

GUEBERT BRUCKNER GENTILE P.C.

By *_/s/ Don Bruckner_*

Don Bruckner
Alexander J. Ospino
P.O. Box 93880
Albuquerque, NM 87199-3880
(505) 823-2300
donbruckner@guebertlaw.com
aospino@guebertlaw.com
*Attorneys for Plaintiffs*

F:\Clients\7100.163cf\Pleadings\2018.04.17.Amended Complaint - Parrish & Smith.docx/jty

# EXHIBIT B

Skip to Main Content Logout My Account Search Menu Search Refine Search Back Location : All Courts Images

# REGISTER OF ACTIONS
## CASE NO. D-1116-CV-2018-00499

**ANTON PARRISH, et. al., v. GREAT NORTHWEST INSURANCE CO., et. al.** § § § § § §

Case Type: **Other**
Date Filed: **03/28/2018**
Location:
Judicial Officer: **Dalley, Bradford J.**

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Economy Premier Assurance Company**<br>c/o New Mexico Department of Insurance<br>Attn: John Franchini<br>PO Drawer 1269<br>Santa Fe, NM 87504 | **Pro Se** |
| **Defendant** | **GREAT NORTHWEST INSURANCE CO.** | **Pro Se** |
| **Plaintiff** | **PARRISH, ANTON** | **Donald George Bruckner, Jr.**<br>*Retained*<br>505-823-2300(W)<br><br>Alexander Javier Ospino<br>*Retained*<br>505-823-2300(W) |
| **Plaintiff** | **SMITH, JEFFERY MARK** | **Donald George Bruckner, Jr.**<br>*Retained*<br>505-823-2300(W)<br><br>Alexander Javier Ospino<br>*Retained*<br>505-823-2300(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

03/28/2018 **Cause Of Actions** Tort: Personal Injury Auto
Action Type Action

03/28/2018 **OPN: COMPLAINT**
*COMPLAINT FOR BREACH OF CONTRACT ON UNINSURED/UNDERINSURED MOTORIST COVERAGE, FOR DECLARATORY JUDGMENT AND TO COMPEL ARBITRATION*

03/28/2018 **Summons**

| | | |
|---|---|---|
| GREAT NORTHWEST INSURANCE CO. | Unserved | |
| METLIFE, INC. | Unserved | |

04/17/2018 **AMENDED COMPLAINT**
*FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT ON UNINSURED/UNDERINSURED MOTORIST COVERAGE, FOR DECLARATORY JUDGMENT AND TO COMPEL ARBITRATION*

04/17/2018 **Summons**

| | | |
|---|---|---|
| GREAT NORTHWEST INSURANCE CO. | Served | 04/23/2018 |
| | Response Due | 05/23/2018 |
| | Returned | 05/16/2018 |
| METLIFE, INC. | Unserved | |

05/15/2018 **ACCEPTANCE OF SERVICE**
*Acceptance of Service - Great Northwest Insurance Co*

05/16/2018 **ACCEPTANCE OF SERVICE**
*Acceptance of Service - Economy Premier Assurance Company*

### FINANCIAL INFORMATION

| **Plaintiff** PARRISH, ANTON | |
|---|---|
| Total Financial Assessment | 132.00 |
| Total Payments and Credits | 132.00 |
| **Balance Due as of 05/24/2018** | **0.00** |

| | | | | |
|---|---|---|---|---|
| 03/28/2018 | Transaction Assessment | | | 132.00 |
| 03/28/2018 | File & Serve Payment | Receipt # AZTD-2018-1933 | PARRISH, ANTON | (132.00) |

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/28/2018 1:49 PM
WELDON J. NEFF
Davina Cordova

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

No. D-1116-CV-2018-00499

ANTON PARRISH and
JEFFERY MARK SMITH,

Plaintiffs,

v.

GREAT NORTHWEST INSURANCE CO., and
METLIFE, INC.,

Defendants.

**COMPLAINT FOR BREACH OF CONTRACT ON UNINSURED/UNDERINSURED MOTORIST COVERAGE, FOR DECLARATORY JUDGMENT AND TO COMPEL ARBITRATION**

COME NOW Plaintiffs, Anton Parrish and Jeffery Mark Smith, by and through their attorneys, Guebert Bruckner Gentile P.C. (Don Bruckner and Alexander J. Ospino), and in support of their Complaint for Personal Injuries, Breach of Contract, and Declaratory Judgment, state as follows.

1. Plaintiff Anton Parrish ("Mr. Parrish") is a resident of San Juan County, New Mexico.

2. Plaintiff Jeffery Mark Smith ("Mr. Smith") is a resident of San Juan County, New Mexico.

3. Defendant Great Northwest Insurance Co. ("Great Northwest") is a foreign insurance company doing business in the state of New Mexico.

4. Defendant MetLife, Inc. ("MetLife") is a foreign insurance company who is licensed to do business in the State of New Mexico.

5.      This Court has personal jurisdiction over Defendants in this matter.

6.      Venue is proper under NMSA 1987, § 38-3-1(A).

**Collision**

7.      On April 27, 2010, at approximately 4:29 p.m., Mr.  Smith was driving his 1994 Toyota Corolla with Mr.  Parrish in the front passenger seat.

8.      Mr.  Smith was driving eastbound on US Highway 64 near Kirtland in San Juan County, New Mexico.

9.      Mr.  Smith stopped his vehicle near the junction of US Highway 64 with County Road 6575 because of road-side construction.

10.      As Mr.  Smith came to a stop, he was rear-ended by a 1998 Dodge Caravan driven by Amanda Collom ("Ms. Collom").

11.      Ms. Collom was driving her vehicle at 55 to 60 miles per hour.

12.      The collision forced Mr. Smith's vehicle into the vehicle ahead of him.

13.      Both Mr. Smith and Mr. Parrish lost consciousness due to the force of impact. Neither Mr. Smith nor Mr. Parrish regained consciousness until after emergency medical service arrived at the scene.

14.      Due to the impact to both the front and back of Mr. Smith's Toyota, none of the doors could be operated to extricate Plaintiffs from the vehicle.

15.      Emergency medical services were required to cut the roof off the Toyota in order to reach Plaintiffs.

16.      Both Plaintiffs were transported to the hospital on spinal boards with serious injuries.

17. Mr. Parrish suffered a concussion, multiple rib fractures, left shoulder sprain, thoracic and lumbar spinal strains, and an abrasion to his face.

18. Mr. Smith suffered spinal disc herniations, multiple rib fractures, several contusions and soft tissue injuries, right shoulder sprain, and a forehead laceration require sutures.

19. Also injured in the accident was a minor child who was an unrestrained passenger in the Collom vehicle.

20. Ms. Collom, the tortfeasor, had minimum liability insurance coverage under New Mexico law for bodily injury of $25,000 per person and $50,000 per occurrence.

21. Half of Ms. Collom's insurance coverage was used to resolve the claim of the minor in the Collom vehicle.

22. Plaintiffs each received $12,500 from Ms. Collom's liability insurance coverage, with each receiving half of the remaining liability limits available under that policy.

23. Ms. Collom was an underinsured motorist at the time of the incident that is the subject matter of this litigation as defined under NMSA 1978, § 66-5-301(B).

24. Defendants consented to the $12,500 settlement of each of Plaintiffs' claims against Ms. Collom.

**MetLife Insurance**

25. At the time of the incident that is the subject matter of this litigation, MetLife provided uninsured/underinsured motorist coverage for multiple vehicles to its named insured, Jeffery Mark Smith.

26. The MetLife policies were entered into in the State of New Mexico.

27.     Under its policies, MetLife provided uninsured/underinsured motorist coverage for Jeffery Mark Smith's 1994 Toyota Corolla in the amount of $100,000 per person, and $300,000 per accident.

28.     Under its policies, MetLife also provided uninsured/underinsured motorist coverage for Jeffery Mark Smith's 1990 Subaru Loyale in the amount of $100,000 per person, and $300,000 per accident.

29.     Under its policies, MetLife also provided uninsured/underinsured motorist coverage for Jeffery Mark Smith's 1997 Toyota Corolla in the amount of $100,000 per person, and $300,000 per accident.

30.     Under its policies, MetLife also provided uninsured/underinsured motorist coverage for Jeffery Mark Smith's 2007 Toyota Tacoma in the amount of $100,000 per person, and $300,000 per accident.

31.     Under its policies, MetLife also provided uninsured/underinsured motorist coverage for Jeffery Mark Smith's 2010 Subaru Outback in the amount of $100,000 per person, and $300,000 per accident.

32.     Thus, under its policies, MetLife provided $500,000 per person limits in stacked coverage for bodily injury caused by an uninsured/underinsured motorist for Mr. Smith, a class I insured.

33.     Under its policy on the 1994 Toyota Corolla involved in the collision, MetLife provided $100,000 per person limits in coverage for bodily injury caused by an uninsured/ underinsured motorist for Mr. Parrish, a class II insured.

34.     On February 28, 2012, Plaintiffs made a demand for underinsured motorist benefits to MetLife under its policies.

35.   On September 5, 2012, MetLife responded by letter, denying Plaintiffs' settlement demands and making inadequate settlement offers to both Plaintiffs.

36.   Subsequent to September 5, 2012, Plaintiffs and MetLife had ongoing settlement negations for several years.

37.   On August 27, 2013, MetLife's made its last settlement offer to Mr. Parrish on his underinsured motorist claim.  That offer was below the applicable policy limits and was inadequate to compensate Mr. Parrish for his injuries and damages caused by the collision.

38.   On December 9, 2015, MetLife's made its last settlement offer to Mr. Smith on his underinsured motorist claim.  That offer was below the applicable policy limits and was inadequate to compensate Mr. Smith for his injuries and damages caused by the collision.

**Great Northwest**

39.   At the time of the incident that is the subject matter of this litigation, Great Northwest provided automobile insurance to Anton Parrish, under Policy No. Great Northwest30-0050000618-PV.

40.   The selection/rejection clause provided by Great Northwest to Mr. Parrish in connection with its policy was inadequate under the New Mexico Supreme Court ruling in *Jordan v. Allstate Ins. Co.*, 2010-NMSC-051 149 N.M. 162.

41.   Therefore, at the time of the incident that is the subject matter of this litigation, Great Northwest provided uninsured/underinsured motorist coverage to its named insured, Mr. Parrish, equal to his liability coverage.

42.   Under its policies, Great Northwest provided uninsured/underinsured motorist coverage for Mr. Parrish's 1980 Chevrolet K10 B in the amount of $100,000 per person, and $300,000 per accident.

43.     Also, under its policies, Great Northwest provided uninsured/underinsured motorist coverage for Mr. Parrish's 1994 Toyota Pickup in the amount of $100,000 per person, and $300,000 per accident.

44.     Also, under its policies, Great Northwest provided uninsured/underinsured motorist coverage for Mr. Parrish's 2002 Nissan Altima in the amount of $100,000 per person, and $300,000 per accident.

45.     Also, under its policies, Great Northwest provided uninsured/underinsured motorist coverage for Mr. Parrish's 2002 Toyota Tundra in the amount of $100,000 per person, and $300,000 per accident.

46.     Also, under its policies, Great Northwest provided uninsured/underinsured motorist coverage for Mr. Parrish's 2006 Nissan Sentra in the amount of $100,000 per person, and $300,000 per accident.

47.     Also, under its policies, Great Northwest provided uninsured/underinsured motorist coverage for Mr. Parrish's 2008 Nissan Sentra in the amount of $100,000 per person, and $300,000 per accident.

48.     Thus, under its policies, Great Northwest provided $600,000 per person limits in stacked coverage for bodily injury caused by an uninsured/underinsured motorist for Mr. Parrish, a class I insured.

49.     On July 10, 2012, Mr. Parrish made a demand for underinsured motorist benefits to Great Northwest under its policies.

50.     On September 7, 2012, Great Northwest denied Mr. Parrish's claim, citing a stacked uninsured/underinsured motorist insurance rejection/selection page that is not in compliance with New Mexico law.

## COUNT I: BREACH OF CONTRACT - METLIFE

51. Plaintiffs incorporate the preceding allegations herein by reference pursuant to Rule 1-010(C) NMRA.

52. Pursuant to its contract of insurance with Mr. Smith, MetLife became obligated to pay Plaintiffs' damages.

53. Pursuant to the contract, Plaintiffs made written demand for damages due and owing, but MetLife has refused to pay adequate compensation.

54. MetLife's refusal to fully compensate Plaintiffs for their injuries on September 5, 2012 and subsequent dates, as required by the applicable insurance policies, was a breach of its contract with Plaintiffs

55. The actions of MetLife are in direct opposition with the plain language of the insurance contracts and New Mexico law. MetLife placed its own interests above that of Plaintiffs, in breach of the covenants of good faith and fair dealing.

56. Plaintiffs have been damaged, and continue to be damaged, by MetLife's breach of the insurance contract.

57. Plaintiffs are entitled to an award of compensatory damages caused by the collision at issue, including personal injuries, pain and suffering, lost earnings and lost earning capacity, loss of enjoyment of activities, loss of consortium, hedonic damages, or loss of the value of life itself, as well as reasonable expenses for necessary medical care received in the past and reasonably certain to be received in the future, and nonmedical expenses required as a result of the injury and reasonably certain to be required in the future, all to their damage in an amount to be determined by the Court at trial, attorneys' fees, and costs of this action for MetLife's intentional breach of the insurance contracts.

## COUNT II:   BREACH OF CONTRACT – GREAT NORTHWEST

58.    Plaintiffs incorporate the preceding allegations herein by reference pursuant to Rule 1-010(C) NMRA.

59.    Pursuant to its contract of insurance with Mr. Parrish, Great Northwest became obligated to pay his damages.

60.    Pursuant to the contract, Mr. Parrish made written demand for damages due and owing, but Great Northwest has erroneously denied Mr. Parrish coverage.

61.    Great Northwest's denial of Mr. Parrish's claim on September 7, 2012 was a breach of the insurance contract.

62.    The actions of Great Northwest are in direct opposition with the plain language of the insurance contracts and New Mexico law.  Great Northwest placed its own interests above that of Mr. Parrish, in breach of the covenants of good faith and fair dealing.

63.    Mr.    Parrish has been damaged, and continues to be damaged, by Great Northwest's breach of the insurance contract.

64.    Mr. Parrish is entitled to an award of compensatory damages caused by the collision at issue, including personal injuries, pain and suffering, lost earnings and lost earning capacity, loss of enjoyment of activities, loss of consortium, hedonic damages, or loss of the value of life itself, as well as reasonable expenses for necessary medical care received in the past and reasonably certain to be received in the future, and nonmedical expenses required as a result of the injury and reasonably certain to be required in the future, all to their damage in an amount to be determined by the Court at trial, attorneys' fees, and costs of this action for Great Northwest's intentional breach of the insurance contracts.

**COUNT III: DECLARATORY JUDGMENT - METLIFE**

65. Plaintiffs incorporate the preceding allegations herein by reference pursuant to Rule 1-010(C) NMRA.

66. Plaintiffs bring this claim for declaratory judgment pursuant to Rule 1-057, NMRA of the New Mexico Rules of Civil Procedure.

67. Plaintiffs seek a judicial determination of their coverage from Defendant MetLife and respectfully move the Court for entry of an Order declaring that a) the total amount of stacked UM/UIM coverage from MetLife available to Mr. Smith for the April 27, 2010 collision is $500,000; and that 2) the total amount of UM/UIM coverage from MetLife available to Mr. Parrish for the April 27, 2010 collision is $100,000.

**COUNT IV: DECLARATORY JUDGMENT – GREAT NORTHWEST**

68. Plaintiffs incorporate the preceding allegations herein by reference pursuant to Rule 1-010(C) NMRA.

69. Plaintiffs bring this claim for declaratory judgment pursuant to Rule 1-057, NMRA of the New Mexico Rules of Civil Procedure.

70. Plaintiffs seek a judicial determination of their coverage from Defendant Great Northwest and respectfully move the Court for entry of an Order declaring that the total amount of stacked UM/UIM coverage from Great Northwest available to Mr. Parrish for the April 27, 2010 collision is $600,000.

**COUNT V: ARBITRATION**

71. Plaintiffs incorporate the preceding allegations herein by reference pursuant to Rule 1-010(C) NMRA.

72. Upon information and belief, the MetLife and Great Northwest policies at issue contain arbitration clauses. Defendants should be compelled to arbitrate the claims of both Plaintiffs in a consolidated arbitration pursuant to the terms of the insurance policies, and NMSA 1978, § 44-7A-8 and § 44-7A-11.

73. In the event the parties are unable to agree to the appointment of an arbitrator for the consolidated arbitration, the Court should appoint an arbitrator for the consolidated arbitration pursuant to NMSA 1978, § 44-7A-12.

WHEREFORE, Plaintiffs pray for judgment against Defendants for damages as determined by the Court at trial, together with the costs of this litigation, pre-judgment and post-judgment interest and for such other relief as the Court may deem just and proper.

GUEBERT BRUCKNER GENTILE P.C.

By *__/s/ Don Bruckner__*
Don Bruckner
Alexander J. Ospino
P.O. Box 93880
Albuquerque, NM 87199-3880
(505) 823-2300
donbruckner@guebertlaw.com
aospino@guebertlaw.com
*Attorneys for Plaintiffs*

F:\Clients\7100.163cf\Pleadings\2018.03.28.Complaint - Parrish & Smith.docx/jty

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/17/2018 12:19 PM
WELDON J. NEFF
Susan Bengston

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

D-1116-CV-2018-00499

ANTON PARRISH and
JEFFERY MARK SMITH,

Plaintiffs,

v.

ECONOMY PREMIER ASSURANCE COMPANY, and
GREAT NORTHWEST INSURANCE CO.,

Defendants.

# FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT ON UNINSURED/UNDERINSURED MOTORIST COVERAGE, FOR DECLARATORY JUDGMENT AND TO COMPEL ARBITRATION

COME NOW Plaintiffs, Anton Parrish and Jeffery Mark Smith, by and through their attorneys, Guebert Bruckner Gentile P.C. (Don Bruckner and Alexander J. Ospino), and in support of their Complaint for Personal Injuries, Breach of Contract, and Declaratory Judgment, state as follows.

1. Plaintiff Anton Parrish ("Mr. Parrish") is a resident of San Juan County, New Mexico.

2. Plaintiff Jeffery Mark Smith ("Mr. Smith") is a resident of San Juan County, New Mexico.

3. Defendant Economy Premier Assurance Company ("Economy") is a foreign insurance company doing business in the State of New Mexico.

4. Defendant Great Northwest Insurance Co. ("Great Northwest") is a foreign insurance company doing business in the state of New Mexico.

5.      This Court has personal jurisdiction over Defendants in this matter.

6.      Venue is proper under NMSA 1987, § 38-3-1(A).

**Collision**

7.      On April 27, 2010, at approximately 4:29 p.m., Mr.  Smith was driving his 1994 Toyota Corolla with Mr.  Parrish in the front passenger seat.

8.      Mr.  Smith was driving eastbound on US Highway 64 near Kirtland in San Juan County, New Mexico.

9.      Mr. Smith stopped his vehicle near the junction of US Highway 64 with County Road 6575 because of road-side construction.

10.     As Mr. Smith came to a stop, he was rear-ended by a 1998 Dodge Caravan driven by Amanda Collom ("Ms. Collom").

11.     Ms. Collom was driving her vehicle at 55 to 60 miles per hour.

12.     The collision forced Mr. Smith's vehicle into the vehicle ahead of him.

13.     Both Mr. Smith and Mr. Parrish lost consciousness due to the force of impact. Neither Mr. Smith nor Mr. Parrish regained consciousness until after emergency medical service arrived at the scene.

14.     Due to the impact to both the front and back of Mr. Smith's Toyota, none of the doors could be operated to extricate Plaintiffs from the vehicle.

15.     Emergency medical services were required to cut the roof off the Toyota in order to reach Plaintiffs.

16.     Both Plaintiffs were transported to the hospital on spinal boards with serious injuries.

17. Mr. Parrish suffered a concussion, multiple rib fractures, left shoulder sprain, thoracic and lumbar spinal strains, and an abrasion to his face.

18. Mr. Smith suffered spinal disc herniations, multiple rib fractures, several contusions and soft tissue injuries, right shoulder sprain, and a forehead laceration require sutures.

19. Also injured in the accident was a minor child who was an unrestrained passenger in the Collom vehicle.

20. Ms. Collom, the tortfeasor, had minimum liability insurance coverage under New Mexico law for bodily injury of $25,000 per person and $50,000 per occurrence.

21. Half of Ms. Collom's insurance coverage was used to resolve the claim of the minor in the Collom vehicle.

22. Plaintiffs each received $12,500 from Ms. Collom's liability insurance coverage, with each receiving half of the remaining liability limits available under that policy.

23. Ms. Collom was an underinsured motorist at the time of the incident that is the subject matter of this litigation as defined under NMSA 1978, § 66-5-301(B).

24. Defendants consented to the $12,500 settlement of each of Plaintiffs' claims against Ms. Collom.

**Economy Insurance**

25. At the time of the incident that is the subject matter of this litigation, Economy provided uninsured/underinsured motorist coverage for multiple vehicles to its named insured, Jeffery Mark Smith.

26. The Economy policies were entered into in the State of New Mexico.

27.     Under its policies, Economy provided uninsured/underinsured motorist coverage for Jeffery Mark Smith's 1994 Toyota Corolla in the amount of $100,000 per person, and $300,000 per accident.

28.     Under its policies, Economy also provided uninsured/underinsured motorist coverage for Jeffery Mark Smith's 1990 Subaru Loyale in the amount of $100,000 per person, and $300,000 per accident.

29.     Under its policies, Economy also provided uninsured/underinsured motorist coverage for Jeffery Mark Smith's 1997 Toyota Corolla in the amount of $100,000 per person, and $300,000 per accident.

30.     Under its policies, Economy also provided uninsured/underinsured motorist coverage for Jeffery Mark Smith's 2007 Toyota Tacoma in the amount of $100,000 per person, and $300,000 per accident.

31.     Under its policies, Economy also provided uninsured/underinsured motorist coverage for Jeffery Mark Smith's 2010 Subaru Outback in the amount of $100,000 per person, and $300,000 per accident.

32.     Thus, under its policies, Economy provided $500,000 per person limits in stacked coverage for bodily injury caused by an uninsured/underinsured motorist for Mr. Smith, a class I insured.

33.     Under its policy on the 1994 Toyota Corolla involved in the collision, Economy provided $100,000 per person limits in coverage for bodily injury caused by an uninsured/ underinsured motorist for Mr. Parrish, a class II insured.

34.     On February 28, 2012, Plaintiffs made a demand for underinsured motorist benefits to Economy under its policies.

35.     On September 5, 2012, Economy responded by letter, denying Plaintiffs' settlement demands and making inadequate settlement offers to both Plaintiffs.

36.     Subsequent to September 5, 2012, Plaintiffs and Economy had ongoing settlement negations for several years.

37.     On August 27, 2013, Economy made its last settlement offer to Mr. Parrish on his underinsured motorist claim.   That offer was below the applicable policy limits and was inadequate to compensate Mr. Parrish for his injuries and damages caused by the collision.

38.     On December 9, 2015, Economy made its last settlement offer to Mr. Smith on his underinsured motorist claim.   That offer was below the applicable policy limits and was inadequate to compensate Mr. Smith for his injuries and damages caused by the collision.

**Great Northwest Insurance**

39.     At the time of the incident that is the subject matter of this litigation, Great Northwest provided automobile insurance to Anton Parrish, under Policy No. Great Northwest30-0050000618-PV.

40.     The selection/rejection clause provided by Great Northwest to Mr. Parrish in connection with its policy was inadequate under the New Mexico Supreme Court ruling in *Jordan v. Allstate Ins. Co.*, 2010-NMSC-051 149 N.M. 162.

41.     Therefore, at the time of the incident that is the subject matter of this litigation, Great Northwest provided uninsured/underinsured motorist coverage to its named insured, Mr. Parrish, equal to his liability coverage.

42.     Under its policies, Great Northwest provided uninsured/underinsured motorist coverage for Mr. Parrish's 1980 Chevrolet K10 B in the amount of $100,000 per person, and $300,000 per accident.

43.    Also, under its policies, Great Northwest provided uninsured/underinsured motorist coverage for Mr. Parrish's 1994 Toyota Pickup in the amount of $100,000 per person, and $300,000 per accident.

44.    Also, under its policies, Great Northwest provided uninsured/underinsured motorist coverage for Mr. Parrish's 2002 Nissan Altima in the amount of $100,000 per person, and $300,000 per accident.

45.    Also, under its policies, Great Northwest provided uninsured/underinsured motorist coverage for Mr. Parrish's 2002 Toyota Tundra in the amount of $100,000 per person, and $300,000 per accident.

46.    Also, under its policies, Great Northwest provided uninsured/underinsured motorist coverage for Mr. Parrish's 2006 Nissan Sentra in the amount of $100,000 per person, and $300,000 per accident.

47.    Also, under its policies, Great Northwest provided uninsured/underinsured motorist coverage for Mr. Parrish's 2008 Nissan Sentra in the amount of $100,000 per person, and $300,000 per accident.

48.    Thus, under its policies, Great Northwest provided $600,000 per person limits in stacked coverage for bodily injury caused by an uninsured/underinsured motorist for Mr. Parrish, a class I insured.

49.    On July 10, 2012, Mr. Parrish made a demand for underinsured motorist benefits to Great Northwest under its policies.

50.    On September 7, 2012, Great Northwest denied Mr. Parrish's claim, citing a stacked uninsured/underinsured motorist insurance rejection/selection page that is not in compliance with New Mexico law.

## COUNT I: BREACH OF CONTRACT - ECONOMY

51. Plaintiffs incorporate the preceding allegations herein by reference pursuant to Rule 1-010(C) NMRA.

52. Pursuant to its contract of insurance with Mr. Smith, Economy became obligated to pay Plaintiffs' damages.

53. Pursuant to the contract, Plaintiffs made written demand for damages due and owing, but Economy has refused to pay adequate compensation.

54. Economy's refusal to fully compensate Plaintiffs for their injuries on September 5, 2012 and subsequent dates, as required by the applicable insurance policies, was a breach of its contract with Plaintiffs

55. The actions of Economy are in direct opposition with the plain language of the insurance contracts and New Mexico law. Economy placed its own interests above that of Plaintiffs, in breach of the covenants of good faith and fair dealing.

56. Plaintiffs have been damaged, and continue to be damaged, by Economy's breach of the insurance contract.

57. Plaintiffs are entitled to an award of compensatory damages caused by the collision at issue, including personal injuries, pain and suffering, lost earnings and lost earning capacity, loss of enjoyment of activities, loss of consortium, hedonic damages, or loss of the value of life itself, as well as reasonable expenses for necessary medical care received in the past and reasonably certain to be received in the future, and nonmedical expenses required as a result of the injury and reasonably certain to be required in the future, all to their damage in an amount to be determined by the Court at trial, attorneys' fees, and costs of this action for Economy's intentional breach of the insurance contracts.

**COUNT II: BREACH OF CONTRACT – GREAT NORTHWEST**

58. Plaintiffs incorporate the preceding allegations herein by reference pursuant to Rule 1-010(C) NMRA.

59. Pursuant to its contract of insurance with Mr. Parrish, Great Northwest became obligated to pay his damages.

60. Pursuant to the contract, Mr. Parrish made written demand for damages due and owing, but Great Northwest has erroneously denied Mr. Parrish coverage.

61. Great Northwest's denial of Mr. Parrish's claim on September 7, 2012 was a breach of the insurance contract.

62. The actions of Great Northwest are in direct opposition with the plain language of the insurance contracts and New Mexico law. Great Northwest placed its own interests above that of Mr. Parrish, in breach of the covenants of good faith and fair dealing.

63. Mr. Parrish has been damaged, and continues to be damaged, by Great Northwest's breach of the insurance contract.

64. Mr. Parrish is entitled to an award of compensatory damages caused by the collision at issue, including personal injuries, pain and suffering, lost earnings and lost earning capacity, loss of enjoyment of activities, loss of consortium, hedonic damages, or loss of the value of life itself, as well as reasonable expenses for necessary medical care received in the past and reasonably certain to be received in the future, and nonmedical expenses required as a result of the injury and reasonably certain to be required in the future, all to their damage in an amount to be determined by the Court at trial, attorneys' fees, and costs of this action for Great Northwest's intentional breach of the insurance contracts.

**COUNT III: DECLARATORY JUDGMENT - ECONOMY**

65. Plaintiffs incorporate the preceding allegations herein by reference pursuant to Rule 1-010(C) NMRA.

66. Plaintiffs bring this claim for declaratory judgment pursuant to Rule 1-057, NMRA of the New Mexico Rules of Civil Procedure.

67. Plaintiffs seek a judicial determination of their coverage from Defendant Economy and respectfully move the Court for entry of an Order declaring that a) the total amount of stacked UM/UIM coverage from Economy available to Mr. Smith for the April 27, 2010 collision is $500,000; and that 2) the total amount of UM/UIM coverage from Economy available to Mr. Parrish for the April 27, 2010 collision is $100,000.

**COUNT IV: DECLARATORY JUDGMENT – GREAT NORTHWEST**

68. Plaintiffs incorporate the preceding allegations herein by reference pursuant to Rule 1-010(C) NMRA.

69. Plaintiffs bring this claim for declaratory judgment pursuant to Rule 1-057, NMRA of the New Mexico Rules of Civil Procedure.

70. Plaintiffs seek a judicial determination of their coverage from Defendant Great Northwest and respectfully move the Court for entry of an Order declaring that the total amount of stacked UM/UIM coverage from Great Northwest available to Mr. Parrish for the April 27, 2010 collision is $600,000.

**COUNT V: ARBITRATION**

71. Plaintiffs incorporate the preceding allegations herein by reference pursuant to Rule 1-010(C) NMRA.

72. Upon information and belief, the Economy and Great Northwest policies at issue contain arbitration clauses. Defendants should be compelled to arbitrate the claims of both Plaintiffs in a consolidated arbitration pursuant to the terms of the insurance policies, and NMSA 1978, § 44-7A-8 and § 44-7A-11.

73. In the event the parties are unable to agree to the appointment of an arbitrator for the consolidated arbitration, the Court should appoint an arbitrator for the consolidated arbitration pursuant to NMSA 1978, § 44-7A-12.

WHEREFORE, Plaintiffs pray for judgment against Defendants for damages as determined by the Court at trial, together with the costs of this litigation, pre-judgment and post-judgment interest and for such other relief as the Court may deem just and proper.

GUEBERT BRUCKNER GENTILE P.C.

By *<u>/s/ Don Bruckner</u>*

Don Bruckner
Alexander J. Ospino
P.O. Box 93880
Albuquerque, NM 87199-3880
(505) 823-2300
donbruckner@guebertlaw.com
aospino@guebertlaw.com
*Attorneys for Plaintiffs*

F:\Clients\7100.163cf\Pleadings\2018.04.17.Amended Complaint - Parrish & Smith.docx/jty

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/15/2018 4:53 PM
WELDON J. NEFF
Christy Hager

# STATE OF NEW MEXICO
# OFFICE OF THE SUPERINTENDENT OF INSURANCE

## CERTIFICATE

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

ANTON PARRISH AND JEFFREY MARK SMITH
Plaintiff,

v. No. D-1116-CV-2018-00499

ECONOMY PREMIER ASSURANCE COMPANY AND GREAT NORTHWEST INSURANCE CO.
Defendants,

ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Summons, Complaint, Request for Production,; Great Northwest Insurance Co. was sent to Defendant; Great Northwest Insurance Co. on 4/23/2018 as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on as shown by return receipt by Postmaster.

In Witness Whereof, I have hereunto set my official seal on May 10, 2018.

John G. Franchini
Superintendent of Insurance

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/16/2018 4:51 PM
WELDON J. NEFF
Jennifer Dean

# STATE OF NEW MEXICO
# OFFICE OF THE SUPERINTENDENT OF INSURANCE

## CERTIFICATE

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

ANTON PARRISH AND JEFFREY MARK SMITH
Plaintiff,

v. No. D-1116-CV-2018-00499

ECONOMY PREMIER ASSURANCE COMPANY AND GREAT NORTHWEST INSURANCE CO.
Defendants,

ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Summons, Complaint, Request for Production,; Economy Premier Assurance Company was sent to Defendant; Economy Premier Assurance Company on 4/23/2018 as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on 4/26/2018 as shown by return receipt by Postmaster.

In Witness Whereof, I have hereunto set my official seal on May 2, 2018.

Superintendent of Insurance

# EXHIBIT C

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Anton Parrish and Jeffery Mark Smith

**(b)** County of Residence of First Listed Plaintiff San Juan
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Don Bruckner, Esq., PO Box 93880, Albuquerque, NM 87199-3880
Phone: (505) 823-2300, Attorney for Plaintiffs

## DEFENDANTS

Economy Premier Assurance Company and
Great Northwest Insurance Company

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Ann L. Keith, Esq., 400 Gold Ave. SW, Suite 1300, Albuquerque, NM 87102, Phone: (505) 243-5755, Attorney for Economy Premier

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. s 1332

Brief description of cause:
Personal Injury/Tort; Underinsured Motorist Claim

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE Bradford J. Dalley DOCKET NUMBER D-1116-CV-2018-00499

DATE
05/25/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Ann L. Keith

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.